1

2

3

4                           UNITED STATES DISTRICT COURT

5                                DISTRICT OF NEVADA

6                                        * * *

7   SFR INVESTMENTS POOL 1, LLC,            Case No. 2:22-CV-521 JCM (EJY)

8                               Plaintiff(s),                    ORDER

9          v.

10  CARRINGTON MORTGAGE SERVICES
    LLC,
11
12                              Defendant(s).

13

14         Presently before the court is defendant SFR Investment Pool 1, LLC's motion to dismiss

15  plaintiff Carrington Mortgage Services, LLC's amended complaint.  (ECF No. 22).  Plaintiff

16  filed a response (ECF No. 23), to which defendant replied (ECF No. 24).

17  **I.     Background**

18         This matter arises from a disputed foreclosure sale of real property located at 900

19  Wharton Street, Las Vegas, NV 89130 (the "property") (ECF No. 21).  Plaintiff is the current

20  title owner of the property after purchasing it at a previous foreclosure sale on September 7,

21  2012. *See* (*id.*)  That foreclosure sale was initiated by the homeowners' association governing

    the property after the prior owners failed to timely pay their assessments. *See* (*id.*)  Defendant is
22
    the current assignee of the deed of trust pursuant to a January 2015 assignment from the original
23
    mortgage lender.  (*Id.*)
24
           In 2008, the property's prior owners obtained a loan for the purchase price secured by a
25
    deed of trust.  (*Id.*)  The prior owner failed to make payments on the deed, and defendant's
26
    predecessor in interest recorded a notice of default on March 4, 2010, evidencing its intention to
27
    foreclose.  (*Id.*)  This notice of default allegedly accelerated the loan underlying the deed of trust.
28

**James C. Mahan**
**U.S. District Judge**

1    On August 11, 2011, defendant's predecessor in interest recorded a notice of rescission

2  that rescinded its prior notice of default and, allegedly, decelerated the debt to its originally

3  maturity date. (*Id.*)

4    In November 2021, a second notice of default and election to sell was recorded on behalf

5  of defendant. (*Id.*) Ten days later, plaintiff allegedly mailed defendant a request for information

6  about the deed of trust. (*Id.*) Plaintiff filed the instant suit on February 9, 2022, alleging that the

7  deed of trust was accelerated no later than March 4, 2010, and presumed satisfied no later than

8  March 4, 2020. (*Id.*) Thus, according to plaintiff, defendant has no claim to the property and

9  cannot foreclose.

10   This court previously denied plaintiff's motions for a temporary restraining order and

11 preliminary injunction, finding that the hardships did not clearly weigh in plaintiff's favor. (ECF

12 No. 11). Plaintiff later filed an amended complaint. (ECF No. 21). Defendant now moves to

13 dismiss that amended complaint. (ECF No. 22)

14 **II.    Legal Standard**

15   A court may dismiss a complaint for "failure to state a claim upon which relief can be

16 granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain

17 statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell*

18 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed

19 factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of

20 the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation

21 omitted).

22   "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550

23 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

24 matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation

25 omitted).

26   In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply

27 when considering motions to dismiss. First, the court must accept as true all well-pled factual

28 allegations in the complaint; however, legal conclusions are not entitled to the assumption of

**James C. Mahan**
**U.S. District Judge**

1    truth.  *Id.* at 678–79.  Mere recitals of the elements of a cause of action, supported only by

2    conclusory statements, do not suffice.  *Id.* at 678.

3        Second, the court must consider whether the factual allegations in the complaint allege a

4    plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint

5    alleges facts that allow the court to draw a reasonable inference that the defendant is liable for

6    the alleged misconduct.  *Id.* at 678.

7        Where the complaint does not permit the court to infer more than the mere possibility of

8    misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief."

9    *Id.* (internal quotation marks omitted).  When the allegations in a complaint have not crossed the

10   line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at

11   570.

12       The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d

13   1202, 1216 (9th Cir. 2011).  The *Starr* court stated, in relevant part:

14       First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim
         may not simply recite the elements of a cause of action, but must contain sufficient
15       allegations of underlying facts to give fair notice and to enable the opposing party to
         defend itself effectively.  Second, the factual allegations that are taken as true must
16       plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing
         party to be subjected to the expense of discovery and continued litigation.
17
     *Id.*
18
         If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend
19
     unless the deficiencies cannot be cured by amendment.  *DeSoto v. Yellow Freight Sys., Inc.*, 957
20
     F.2d 655, 658 (9th Cir. 1992).  Under Rule 15(a), the court should "freely" give leave to amend
21
     "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of
22
     the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the
23
     opposing party . . . futility of the amendment, etc."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).
24
     The court should grant leave to amend "even if no request to amend the pleading was made."
25
     *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks
26
     omitted).
27
     . . .
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    **III.    Discussion**

2         Defendant moves to dismiss plaintiff's complaint for failure to state a claim.   Plaintiff

3    brings claims for violations of Nevada Revised Statute 107.200 *et seq.* stemming from an alleged

4    failure to provide documentation related to the deed of trust, for quiet title under the theory that

5    the deed of trust was previously extinguished, and for wrongful foreclosure.   These claims are all

6    meritless and must be dismissed, with prejudice.

7         A.   Nev. Rev. Stat. 107.200 *et seq.*

8         First, plaintiff claims that defendant violated Nevada law by failing to timely issue

9    plaintiff several documents pursuant to a statutory request.   (ECF No. 21 at 6–7).   NRS §

10   107.200 *et seq.* requires the beneficiary of a deed of trust to provide certain information

11   regarding the debt to the grantor of the property subject to the deed of trust (or the grantor's

12   successor-in-interest) within 21 days of a request.   Nev. Rev. Stat. § 107.200 *et seq.*   "If no

13   periodic payments are made under the note," as was the case here, "the request must be mailed to

14   the address of the beneficiary listed on the note or deed of trust."   Nev. Rev. Stat. § 107.270.

15        Plaintiff mailed the request to 1600 S Douglass Road Suite 200-A, Anaheim, CA 92806.

16   (ECF No. 23).   Defendant is the record beneficiary of the deed of trust pursuant to a 2015

17   assignment.   (ECF No. 21).   That assignment lists defendant's address as 1610 East Saint

18   Andrew Place Suite B150, Santa Ana, CA 92705.   (ECF No. 1-2 at Ex. 1-K).   Plaintiff mailed

19   the request to the wrong address.   Although the Anaheim address is clearly one of defendant's

20   addresses, it is not the address listed on the note or deed of trust, which is what the text of the

21   statute contemplates.   *See* Nev. Rev. Stat. § 107.200.

22        Plaintiff failed to comply with the procedural requirements of the statute.   Therefore, it

23   cannot state a claim, and it is not entitled to the $300 statutory damages it claims it is owed.

24   Plaintiff's claim under NRS § 107.200 *et seq.* is dismissed, with prejudice.

25        B.   Quiet Title

26        Defendant also moves to dismiss plaintiff's quiet title claim.   Principally, defendant

27   argues that recent Nevada Supreme Court precedent precludes plaintiff's claim as a matter of

28   law.   *See Glass v. Select Portfolio Servicing, Inc.,* No. 78325, 2020 WL 3604042, at *1 (Nev.

**James C. Mahan**
**U.S. District Judge**

1    July 1, 2020) (unpublished disposition); *accord SFR Invs. Pool 1, LLC v. U.S. Bank N.A.*, 507

2    P.3d 194 (Nev. 2022) (hereinafter *Gotera II*).    Plaintiff contends that the precedent is

3    distinguishable, and that Nevada's ancient lien statute extinguished the deed of trust in 2020, ten

4    years after the first notice of default. *See* Nev. Rev. Stat. § 106.240.

5        Just as the Nevada Supreme Court determined in *Gotera II*, this court finds that the notice

6    of rescission decelerated the debt under the deed of trust. *See* 507 P.2d at 197–98.  There is

7    nothing in the instant case that distinguishes it from *Gotera II*.  Plaintiff baldly asserts that the

8    loan was accelerated by some unproduced letter rather than the notice of default.  (ECF No. 23 at

9    5–6).    However, the Nevada Supreme Court squarely held that "some prior unidentified

10   acceleration" could not have "remained intact after the bank rescinded the notice of default."

11   *Gotera II*, 507 P.2d at 197.

12       This case is essentially identical to what was before the Nevada Supreme Court in *Gotera

13   II*.   After recording the first notice of default in 2011, defendants rescinded that notice the

14   following year.  (ECF No. 21).  Whether some other unknown and undiscovered letter purported

15   to accelerate the debt means nothing when the rescission clearly decelerates the loan and renders

16   the ancient lien statute inapplicable.  Thus, plaintiff's quiet title claim must be dismissed.  The

17   deed of trust was never extinguished and plaintiff's rights to the property are not superior to

18   defendant's.

19       C.  Wrongful Foreclosure

20       Since defendant held a valid interest under the deed of trust, plaintiff's attendant claims

21   for wrongful foreclosure must also be dismissed.  Defendant was within its rights to foreclose on

22   the property to satisfy the delinquent deed of trust.  As discussed above, that deed of trust was

23   never extinguished.

24       Plaintiff also claims that defendant never provided a copy of the promissory note, and

25   that defendant foreclosed on amounts not in default.  (ECF No. 23 at 6).    Plaintiff

26   mischaracterizes the law.  Defendant need not provide the note so long as it provides a notarized

27   affidavit of authority stating it is in possession of the note.  *See* Nev. Rev. Stat. § 107.0805.

28

**James C. Mahan**
**U.S. District Judge**

1    Defendant provided that affidavit here.   (ECF No. 1-2 at Ex. 1-L).   Plaintiff's half-hearted

2    argument that defendant is not the noteholder is unavailing.

3          Likewise, plaintiff's argument that defendant was not entitled to foreclose upon the full

4    amount of the loan is equally without merit.   Defendant recorded a second notice of default that

5    *did* accelerate the loan in November 2021.   It can be simultaneously true that an unproduced, and

6    unsubstantiated letter did not accelerate the loan in 2010, while a recorded notice of default did

7    in 2021.   Defendant exercised its right to foreclose and did so after the 35-day cure period

8    required by Nevada law.   It did nothing improper in collecting what it was due after the

9    November 2021 notice of default.   Plaintiff's claim for wrongful foreclosure is also dismissed,

10   with prejudice.

11         D.   Leave to Amend

12         Although "[t]he court should freely give leave when justice so requires," the court is not

13   obligated to do so.   Fed. R. Civ. P. 15(a)(2).   The court need not give leave to amend where "it

14   determines that the pleading could not possibly be cured by the allegation of other facts."   *Lopez*

15   *v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting Doe v. United States, 58 F.3d 494, 497

16   (9th Cir. 1995)).   Thus, "leave to amend may be denied if it appears to be futile or legally

17   insufficient."   *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citing *Gabrielson*

18   *v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986)).   The standard to be applied

19   when determining the legal sufficiency of a proposed amendment is identical to that on a motion

20   to dismiss for failure to state a claim.   *Id.*

21         Determining that plaintiff's claims fail as a matter of law, the court finds that granting

22   plaintiff leave to amend would be futile.   The plain language of the rescissions leaves the deed of

23   trust valid.   Given that, plaintiff cannot state a claim for relief; defendant holds a valid interest in

24   the property.   The court thus dismisses the complaint in its entirety, with prejudice.

25   **IV.    Conclusion**

26         Accordingly,

27         IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to

28   dismiss (ECF No. 22) be, and the same hereby is, GRANTED.

**James C. Mahan**
**U.S. District Judge**
                                            - 6 -

1         IT IS FURTHER ORDERED that plaintiff's first amended complaint (ECF No. 21) be,

2    and the same hereby is, DISMISSED, with prejudice.

3         The clerk is instructed to enter judgment accordingly and close the case.

4         DATED November 17, 2022.

5

6                      UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 7 -